PROB 12
(Rev. 3/88)

06-322-M-01

\_\_\_\_ FILED \_\_\_\_ ENTERED
\_\_\_\_ LODGED \_\_\_\_ RECEIVED

# United States District Court
## for the
## DISTRICT OF MARYLAND

**FILED**

JUL 2 9 2005

AT GREENBELT
Docket No. PJM-98-0286
DISTRICT OF MARYLAND
BY _____ DEPUTY

U.S.A. vs. Trevell Tremaine Hicks

**FILED**
JUL 1 3 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Petition on Supervised Release

COMES NOW **Ora Dickerson** PROBATION OFFICER OF THE COURT presenting an official report upon the conduct and attitude of **Trevell Tremaine Hicks** who was placed on supervision for **Armed Bank Robbery: Aiding and Abetting, Firearm in Crime of Violenc; Aiding and Abetting** by the Honorable **Peter J. Messitte**, U.S. District Judge, sitting in the court at Greenbelt, Maryland, on the 19th day of April, 1999 who fixed the period of supervision at **5 year(s) \***, and imposed the general terms and conditions theretofore adopted by the court and also imposed additional conditions and terms as follows:

\* Committed to custody of Bureau of Prisons for 90 months, followed by supervised release for a term of 5 year(s).

1. The defendant is instructed to pay a Special Assessment in the amount of $200.00.
2. The defendant shall satisfactorily participate in a treatment program approved by the probation officer relating to substance and/or alcohol abuse, which may include evaluation, counseling, and testing as deemed necessary by the probation officer.
3. The defendant shall obtain GED.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:
(If short insert here; if lengthy write on separate sheet and attach)

**WHEREAS:** On July 8, 2005 the offender was associating with persons engaging in illegal activity in Washington, D.C., the above led to the offender being arrested by the Metropolitan Police Department for Felon in Possession a Firearm. Mr. Hicks is in violation of his Standard Condition which states that the defendant shall not associate with persons engaged in criminal activity.

**WHEREAS:** On July 8, 2005, the offender was arrested in Washington, D.C. by the Metropolitan Police Department for Felon in Possession of a Firearm. Mr. Hicks is in violation of his Statutory Condition which states that the defendant shall not commit any federal, state or local crime.

**WHEREAS:** On July 8, 2005, the offender was arrested in Washington, D.C. by the Metropolitan Police Department for Felon in Possession of a Firearm. Mr. Hicks is in violation of his Statutory Condition which states that the defendant shall not possess a firearm or destructive device.

**WHEREAS:** On July 8, 2005, the offender was seen by the Metropolitan Police Department of Washington, D.C. in an area known for narcotic selling, and as a result of the above the offender was arrested for Felon in Possession of a Firearm. Mr. Hicks is in violation of his Standard Condition which states the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

PRAYING THAT THE COURT WILL ORDER a warrant be issued for the arrest of Trevell Tremaine Hicks for alleged violations of supervised release.

ORDER OF COURT

Considered and ordered as prayed this 28 day of JULY, 2005 and ordered filed and made a part of the records in the above case.

_____
Peter J. Messitte
U.S. District Judge

Respectfully,

_____
Ora Dickerson, U.S. Probation Officer

Place **Greenbelt, Maryland**

Date **July 27, 2005**

# U.S. Probation and Pretrial Services
## MEMORANDUM

DATE:       July 27, 2005

TO:         The Honorable Peter J. Messitte
            U.S. District Judge

FROM:       Ora Dickerson
            U.S. Probation Officer

RE:         HICKS, Trevell Tremaine
            Docket No.: PJM-98-0286
            Exp. Date: 07/07/10

SUBJ:       <u>Notice of Violation - Warrant Requested</u>

RECEIVED IN THE CHAMBERS OF
PETER J. MESSITTE

JUL 28 2005

UNITED STATES DISTRICT JUDGE

**Sentencing Information:**
On April 19, 1999, Trevell Tremaine Hicks appeared before Your Honor for sentencing subsequent to conviction for the offense(s) of Armed Bank Robbery: Aiding and Abetting, Firearm in Crime of Violence; Aiding and Abetting. He was sentenced to the Custody of the Attorney General for a period of 90 months, with 5 year(s) Supervised Release to follow, with the following conditions imposed: 1) The defendant is instructed to pay a Special Assessment in the amount of $200.00; 2) The defendant shall satisfactorily participate in a treatment program approved by the probation officer relating to substance and/or alcohol abuse, which may include evaluation, counseling, and testing as deemed necessary by the probation officer; and 3) The defendant shall obtain his GED.

Supervision began on July 8, 2005.

**Adjustment to Supervision/Violations Alleged:**
Mr. Hicks' adjustment to supervision is poor. As previously stated, the offender was released from prison on July 8, 2005. Prior to the offender contacting this Officer, he was arrested on July 8, 2005 in the District of Columbia for Felon in Possession of a Firearm. A Preliminary Hearing was held on July 25, 2005 at the D.C. Superior Court. The offender is currently being held at D. C. Jail awaiting placement into a halfway house pending trial. As of this writing, no trial date has been set. The statement of facts have been attached for your review.

**HICKS, Trevell Tremaine**
**Violation Report**
**Page 2**

Based on the above, this officer alleges the following violations of supervision:

1. On July 8, 2005 the offender was associating with persons engaging in illegal activity in Washington, D. C., the above led to the offender being arrested by the Metropolitan Police Department for Felon in Possession a Firearm. Mr. Hicks is in violation of his Standard Condition which states that the defendant shall not associate with persons engaged in criminal activity.

2. On July 8, 2005, the offender was arrested in Washington, D.C. by the Metropolitan Police Department for Felon in Possession of a Firearm. Mr. Hicks is in violation of his Statutory Condition which states that the defendant shall not commit any federal, state or local crime.

3. On July 8, 2005, the offender was arrested in Washington, D.C. by the Metropolitan Police Department for Felon in Possession of a Firearm. Mr. Hicks is in violation of his Statutory Condition which states that the defendant shall not possess a firearm or destructive device.

4. On July 8, 2005, the offender was seen by the Metropolitan Police Department of Washington, D.C. in an area known for narcotic selling, and as a result of the above the offender was arrested for Felon in Possession of a Firearm. Mr. Hicks is in violation of his Standard Condition which states the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

**Recommendation:**
Based on the violations stated above, this officer respectfully recommends a warrant be issued and it should be lodged as a detainer for the arrest of Trevell Tremaine Hicks for alleged violations of supervised release. It is important to note, the offender is currently being detained at the D.C,. Jail. Please forward the detainer to the attention of D.C. Jail, Records Department, 1901 D Street, S. E., Washington, D.C. 20003. Please, include the offender's DCDC Number, (304292).

I have attached a Form 12 for the Court to execute, should Your Honor concur.

The U.S. Sentencing Commission has issued policy statements effective November 1, 1990, for violation of probation and supervised release. The policy statements are contained in a revised Chapter Seven of the updated Guidelines Manual that incorporated amendments effective November 1, 1991, et. Seq. Additionally, 18 U.S.C. 3553©) requires the Court to state the reasons for its imposition of a particular revocation sentence. Effective September 13, 1994, the Court is required to consider the applicable guidelines or policy statements issued by the Sentencing Commission in the case of a violation of probation or supervised release - 18 U.S.C. 3553 (a)(4)(B). We are attaching a Violation Worksheet.

HICKS, Trevell Tremaine
Violation Report
Page 3

The reimposition of Supervised Release after revocation is now authorized by a new section, 18 U.S.C. 3583(h), if the offender is sentenced to less than the maximum prison term available. The length of such a term of supervised release shall not exceed the TSR authorized by statute for the offense that resulted in the original TSR, less any term of imprisonment that was imposed upon revocation. Revised section 18 U.S.C. 3583(e)(3) provides that the maximum prison sentences allowed upon revocation of supervised release - 5 years if the original offense was a Class A Felony, 3 years for a Class B Felony, 2 years for a Class C or D Felony, or one year in any other case.

When a violation of probation or supervised release is based on Possession of a Controlled Substance, Possession of a Firearm, or refusal of required drug testing, revocation is mandated and a term of imprisonment must be imposed. The "not less than one-third" language has been deleted. It should be noted that a refusal of required drug testing violation can only mean mandated revocation for these cases where the original offense occurred on or after September 13, 1994.

Should Your Honor have any questions or concerns, this officer is available at (301) 344-3718.

Mr. Hicks's last known address is

Mr. Hicks was represented at sentencing by Timothy Sullivan, 7305 Baltimore Ave., Suite 301, College Park, Md 20740.

The Government was represented at sentencing by Rags Mantripragada, U.S. Courthouse, Suite 400, 6500 Cherrywood Lane, Greenbelt, Maryland 20770.

Attachment

AO 93 (Rev. 5/85) Criminal Complaint

# United States District Court
## For The District of Columbia

UNITED STATES OF AMERICA

v.

TREVALL T. HICKS
DOB:
PDID:
(Name and Address of Defendant)

**CRIMINAL COMPLAINT**

CASE NUMBER:

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about __JULY 8, 2005__ in __WASHINGTON__ county, in the _____ District of __COLUMBIA__ defendant did, (Track Statutory Language of Offense)

having been convicted of a crime punishable by imprisonment for a term exceeding one year, ship and transport in interstate and foreign commerce, and possess in and affecting commerce, a firearm and ammunition, and did receive a firearm and ammunition, which had been shipped and transported in interstate and foreign commerce, that is, a Hi-Point .40 caliber handgun and .40 caliber ammunition.

in violation of Title __18__ United States Code, Section(s) __922(g)(1)__.

I further state that I am __DETECTIVE SCOTT BROWN__, and that this complaint is based on the following facts:

SEE ATTACHED STATEMENT OF FACTS

Continued on the attached sheet and made a part hereof: ☒ Yes ☐ No

Signature of Complainant
DETECTIVE SCOTT BROWN
MAJOR NARCOTICS BRANCH, MPD

Sworn to before me and subscribed in my presence,

Date _____ at Washington, D.C.
                                   City and State

Name & Title of Judicial Officer          Signature of Judicial Officer

## STATEMENT OF FACTS

On Friday, July 8, 2005, at about 5:40 p.m., sworn officers with the Metropolitan Police Department's Major Narcotics Branch were in the 1800 block of Benning Road, N.E., Washington, D.C. when they saw two subjects involved in what appeared to be narcotics transactions. After receiving a lookout for the subjects, officers stopped the defendant, Trevell Hicks, and one of the subjects from the lookout. Officers told the defendant that they were going to do a pat down for their safety, at which time the defendant reached for his waistband area. Officers secured the defendant and patted him down, at which time they recovered a loaded Hi-Point .40 caliber handgun from the defendant's waistband. Officers placed the defendant under arrest. To the best of the undersigned officer's knowledge, defendant Trevell Hicks has previously been convicted of a crime punishable by imprisonment for a term exceeding one year in U.S. District Court for the District of Maryland (Greenbelt), Criminal Case No. 98-CR-00286. Before filing this complaint, the officer reviewed at least one computer print-out of the defendant's criminal history and it showed that the defendant had been convicted of such crime. He wrote his initials on the computer print-out that he reviewed, so that he would recognize it again in the future. To the best of the undersigned officer's knowledge, there are no Hi-Point .40 caliber handguns manufactured in the District of Columbia.

_____
DETECTIVE SCOTT BROWN
MAJOR NARCOTICS BRANCH, MPD


SWORN AND SUBSCRIBED BEFORE ME
ON THIS _____ DAY OF JULY, 2005.


_____
U.S. MAGISTRATE JUDGE

Prepared by USPO  Ora Dickerson

## VIOLATION WORKSHEET

1. Defendant: Trevell Tremaine Hicks

2. Docket Number (Year-Sequence-Defendant No.): PJM-98-0286

3. District/Office: District of Maryland

4. Original Sentence Date: 04/19/99

   (If different than above):
5. Original District/Office: Maryland

6. Original Docket Number (Year-Sequence-Defendant No.): PJM-98-0286

7. List each violation and determine the applicable grade (see §7B1.1):

| Violation(s) | Grade |
|---|---|
| • Possession of a Firearm( New Offense) | A |
| • Frequenting places where controlled substances are sold, used, distributed, or administered | C |
| • Associating with persons engaged in criminal activity | C |

8. Most Serious Grade of Violation (see §7B1.1(b))    A

9. Criminal History Category (see §7B1.4(a))    I

10. Range of Imprisonment (see §7B1.4(a))    12-18 months

11. Sentencing Options for Grade B and C Violations Only (Check the appropriate box):

    (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

    *(b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

    [X] (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

11/01/90

Defendant: Hicks, Trevell Tremaine

12. **Unsatisfied Conditions of Original Sentence**

List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with sentence which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

Restitution($) _____      Community Confinement _____

Fine($) $200.00 _____     Home Detention _____

Other _____               Intermittent Confinement _____

13. **Supervised Release**

If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

Term: ___ to ___ years

If supervised release is revoked and the term of imprisonment is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(3) and §7B1.3(g)(2)).

Period of supervised release to be served following release from imprisonment: not more than five (5) years.

—

14. **Departure**

List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

_____

15. **Official Detention Adjustment** (see §7B1.3(e)): __ months __ days

11/01/90

AO 257 (Rev. 6/78)

PER 18 U.S.C. 317

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION — IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT

Name of District Court, and/or Judge/Magistrate Location (City)
**GREENBELT, MARYLAND**
Southern Division

### OFFENSE CHARGED
Armed Bank Robbery
Use of Firearm in Crime of Violence
Aiding and Abetting

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

U.S.C. Citation
18:2113(a) & (d)
18:924(c)
18:2

Place of offense: Montgomery County

### DEFENDANT — U.S. vs.
Trevell Tremaine Hicks

Address:

Birth Date:

☒ Male  ☐ Alien
☐ Female  (if applicable)

(Optional unless a juvenile)

DEFENDANT: PJM-98-0286

### PROCEEDING
Name of Complainant Agency, or Person (& Title, if any)
Mike Brown, S/A, FBI

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Att'y  ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

SHOW DOCKET NO.

MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on THIS FORM
**LYNNE A. BATTAGLIA**
☒ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned): Ranganath Manthripragada

### IS NOT IN CUSTODY
1) ☒ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

### IS IN CUSTODY
4) ☒ On this charge
5) ☐ On another conviction     ☐ Fed'l  ☒ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No
If "Yes" give date filed

DATE OF ARREST: Mo. / Day / Year
Or... if Arresting Agency & Warrant were not Federal
DATE TRANSFERRED TO U.S. CUSTODY: Mo. / Day / Year

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS
Maximum Penalty: 25 yrs./$250,000 fine/not more than 3 yrs. & not more than 5 yrs./$100.00 special assessment fee.
Date of Offense: 6/29/98
Length of Trial: 3 days

OCDETF CASE
___ YES   x  NO